OHIO FARMERS INSURANCE COMPANY v MICHIGAN MUTUAL
INSURANCE COMPANY

Docket No. 107286. Submitted April 13, 1989, at Detroit. Decided
August 9, 1989.

Ohio Farmers Insurance Company issued a no-fault insurance
policy with a $100,000 bodily injury limit covering Frances
Carter's Buick. Carter gave the Buick to her son, Charles
Seratt. Seratt traded the Buick for a Chevrolet which was titled
in his name. Carter requested that Ohio Farmers transfer the
insurance coverage to the Chevrolet, which it did without
knowledge that Seratt owned the vehicle, was principal driver
of the vehicle and was not a resident of his mother's household.
Seratt loaned the Chevrolet to Ronald Maples, who was in-
volved in an automobile accident in which his passenger,
Joseph Church, was injured. Church brought an action against
Ohio Farmers, seeking recovery under the Carter policy. Ohio
Farmers denied coverage on the basis that the policy was void
because it had been secured by misrepresentation. The trial
court granted summary disposition in favor of Church. On an
appeal by Ohio Farmers, the Court of Appeals held that the
insurer's failure to cancel the policy and return the premiums
where the unacceptibility of the underwriting risk was reason-
ably discoverable in the statutory cancellation period acts to
estop the insurer from refusing to honor a claim brought by an
innocent injured third party. *Church v Ohio Farmers Ins Co,*
unpublished opinion per curiam of the Court of Appeals, de-
cided December 11, 1984 (Docket No. 72468). Ohio Farmers
settled with Church, paying him $50,300 for his injuries, and
then commenced an action in Wayne Circuit Court against
Michigan Mutual Insurance Company, insurer of a vehicle
owned by Ronald Maples' parents with whom he lived, seeking
from Michigan Mutual the difference between the amount of
the settlement and the statutory minimum coverage of $20,000
on the basis that it had been forced to afford coverage for

REFERENCES

Am Jur 2d, Automobile Insurance §§ 37-39, 50, 51, 367.
Rescission or avoidance, for fraud or misrepresentation, of compul-
sory, financial responsibility, or assigned risk automobile insur-
ance. 83 ALR2d 1104.

public policy reasons and that its liability should therefore be limited to the statutorily mandated minimum coverage. Defendant moved for summary disposition. The trial court, Robert J. Colombo, Jr., J., granted defendant's motion, holding that, if an insurer is estopped from denying the absence of insurance coverage by reason of its failure to use due diligence in disavowing the policy, there is no reason that the insurer should not be bound by the stated limits of that policy rather than the statutorily mandated minimum coverage. Plaintiff appealed.

The Court of Appeals *held:*

As a matter of public policy, once an innocent third party is injured in an accident in which insurance coverage is in effect, an insurer will be estopped from asserting rescission as a basis upon which it may limit its liability to the statutory minimum. Accordingly, the trial court properly granted summary disposition in favor of defendant on plaintiffs' claim.

Affirmed.

INSURANCE — NO-FAULT — LIMITS OF COVERAGE — CANCELLATION OF COVERAGE — ESTOPPEL.

An insurer of an automobile no-fault policy is liable for the higher stated third-party liability limits stated in the policy rather than the lower limits mandated by statute, even where the insurer could have canceled the policy by reason of misrepresentations made in the application for insurance had the insurer acted within the statutory cancellation period, and is estopped from rescinding the policy after the accident giving rise to a third-party claim occurred.

*Johnson, Shefferly, McCarroll & Moesta, P.C.* (by *Jeffrey Doan*), for plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David J. Winter* and *Patrick Burkett*), for defendant.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

PER CURIAM. Plaintiff appeals as of right from the lower court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief can be granted. We affirm.

The underlying facts in this case go back several years and this Court has already addressed a related matter regarding plaintiff's obligations under the automobile insurance policy at issue in this appeal. *Church v Ohio Farmers Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided December 11, 1984 (Docket No. 72468).

Plaintiff, Ohio Farmers, issued an insurance policy covering Frances E. Carter's Buick. The insurance policy issued by plaintiff to Carter had a bodily injury liability limit of $100,000. Later, Carter gave the Buick to her son, Charles Seratt. Seratt then traded the Buick for another car, a Chevrolet, and he titled the Chevrolet in his name. Although Seratt did not live with his mother, he listed Frances Carter's address on the car registration and on his driver's license. Frances Carter requested that Ohio Farmers change the insurance coverage to the Chevrolet. However, Ohio Farmers did not know that Seratt owned or was the principal driver of the Chevrolet. In addition, it did not know that Seratt did not reside with his mother.

Subsequently, Seratt loaned the Chevrolet to his brother-in-law, Ronald Maples. While Maples was driving the car, he was involved in an accident, resulting in injuries to Joseph E. Church, a passenger in the car. When Church's insurance company refused to pay him no-fault benefits because the vehicle involved in the accident was insured by Ohio Farmers, Church filed suit seeking recovery under Carter's policy with Ohio Farmers. Ohio Farmers denied coverage for Church's injuries, maintaining that the policy issued to Carter was void because of Carter's misrepresentations. The parties filed competing motions for summary disposition and the court granted Church's motion.

Then, on appeal, this Court, in *Church v Ohio Farmers, supra,* addressed the issue whether an

automobile insurance company is liable to a third party even though misrepresentations by the insured could justify cancellation of the policy. The Court first noted that, where an automobile liability insurer retains premiums, notwithstanding grounds for cancellation reasonably discoverable by the insurer within the fifty-five-day statutory cancellation period, the insurer will be thereafter estopped from asserting that ground for rescission. This Court then held that as to Joseph Church, the injured innocent third party, Ohio Farmers insured the subject vehicle on the date of the accident.

After issuance of this Court's opinion, Ohio Farmers settled the matter and paid Church $50,300 for his injuries. Thereafter, Ohio Farmers filed suit in the instant case against Michigan Mutual Insurance Company. Plaintiff alleged that defendant insured Ronald Maples, the driver of Seratt's Chevrolet, as a resident relative of Wilma and Willard Maples, the parties in whose name the policy was issued.[1] Plaintiff also claimed that its liability for Church's injuries was limited to the $20,000 minimum liability coverage required by law. Plaintiff argued that, if an insurer is forced for public policy reasons to afford coverage in situations where the policy could have been rescinded, the bodily injury liability limit should be $20,000, the minimum mandatory limit. Plaintiff requested that Michigan Mutual indemnify it for the remaining $30,300 paid to Church as Michigan Mutual was the excess liability carrier for Ronald Maples.

The trial court, in granting Michigan Mutual's motion for summary disposition, determined that an insurer's liability is limited to the minimum

---

[1] The Maples' policy had a $100,000 bodily injury liability limit.

liability coverage required by law only when a policy exclusion is contrary to statutory policy. In granting defendant's motion, the lower court, in pertinent part, stated:

> [W]hen an insurer fails to use reasonable diligence to determine the extent of its risk, it should not be able to accept the premiums and later disavow the insurance policy.
> Taking this rationale to its logical extension, why should the insurer, who has accepted premiums for policy limits greater than the minimum required by law be entitled to reduce its liability to the minimum amount of insurance required by law? The answer is the insurer should not be able to do this.

Plaintiff now appeals from the lower court's order.

Plaintiff's sole claim on appeal is that the trial court erred in granting summary disposition because our Supreme Court's holding in *State Farm Mutual Automobile Ins Co v Shelly,* 394 Mich 448; 231 NW2d 641 (1975), should apply to this case. In *Shelly,* our Supreme Court held that an insurer is only liable for the minimum amount of coverage required by law when coverage is reinstated for public policy considerations. Defendant counters by arguing that the *Shelly* decision applies only to circumstances where an exclusionary clause violates the no-fault act and coverage under the policy is reinstated. We agree.

Again, the lower court granted defendant's motion because plaintiff failed to state a claim upon which relief can be granted. A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the pleadings. *Bhama v Bhama,* 169 Mich App 73, 76-77; 425 NW2d 733 (1988). All well-pled allegations must be taken as

true and the motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. *Id., p* 77.

Michigan's Insurance Code of 1956 provides that an automobile liability or motor vehicle liability policy insuring against loss must provide coverage for bodily injury or death of not less than $20,000 per person and not less than $40,000 total coverage for any one accident. MCL 500.3009(1); MSA 24.13009(1). Plaintiff relies on our Supreme Court's opinion in *Shelly, supra,* as authority for its position that it is liable only for the $20,000 minimum liability coverage required by statute, since it was estopped from rescinding the insurance policy issued to Frances Carter. Our Supreme Court in *Shelly,* in a memorandum opinion, reversed this Court's decision in *State Farm Mutual Automobile Ins Co v Shelly,* 59 Mich App 491; 229 NW2d 820 (1975).

In *Shelly,* Harold Shelly, Jr., the insured's son, was driving his father's car when he was involved in an accident in which several people were killed. The disputed insurance policy issued by the plaintiff, State Farm, provided $25,000 coverage per individual and $50,000 coverage per accident. However, the policy contained a specific clause excluding coverage of the vehicle when Harold Shelly, Jr., was driving the car. This Court held the exclusionary clause invalid because it was unauthorized under MCL 257.520(b)(2); MSA 9.2220(b)(2), which required an owner's policy of liability insurance to provide $10,000 per person and $20,000 per accident coverage.[2] This Court

---

[2] The accident in *Shelly* occurred on April 18, 1971. MCL 257.520(b)(2); MSA 9.2220(b)(2) was amended effective October 1, 1971, to require $20,000/$40,000 limits rather than the $10,000/$20,000 coverage required before the amendment.

held that coverage was in effect to the limits applicable in the policy, that is, $25,000/$50,000 coverage. However, in a memorandum opinion, the Supreme Court reversed this Court's holding by stating:

> We are persuaded that where an exclusionary clause is void as against the policy of the MVACA [Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.*; MSA 9.2801 *et seq.*], reinstated coverage is limited to the amount required so that the vehicle is not an uninsured motor vehicle within the meaning of the MVACA. [*Shelly, supra,* 394 Mich 449-450.]

Plaintiff contends that this holding controls the facts of this case and thereby serves as the basis for its contention that it stated a claim upon which relief can be granted. We disagree.

Our Supreme Court in *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), addressed and rejected a similar argument for the extension of its holding in *Shelly, supra. Powers* involved five consolidated cases in which the validity of the so-called "owned vehicle" exclusion in no-fault insurance policies was considered. The Court held that owned vehicle exclusions are enforceable as long as the exclusionary language is clear and unambiguous. In two of the consolidated cases, the insurer argued that the applicable limit of liability in its policy should be the minimum $20,000/$40,000 coverage as required by MCL 500.3131; MSA 24.13131 and MCL 500.3009; MSA 24.13009, rather than the $50,000/$100,000 limits of coverage contained in the policies. The insurers' argument was based on the *Shelly* decision. The Court in *Powers* stated:

> The rationale of the *Shelly* opinion is that,

where a clearly worded exclusion in an insurance contract is void as contrary to the statutory policy, the statute controls both as to the exclusion and the amount of liability coverage. Since the rationale of the invalidation of the exclusion in the instant cases is improper drafting, the insurance contract is reformed only to the extent of the impropriety which affects the exclusion, but not the liability coverage. The result, therefore, is that in *Dennison* and *Nicholson,* the liability coverage is that contracted and paid for, rather than the statutory minimum. [427 Mich 642.]

We note that this Court in previously resolving the issue of Ohio Farmers' liability to Joseph Church did not conclude that Ohio Farmers was prohibited under the no-fault act from rescinding its insurance policy because of Frances Carter's misrepresentations. Rather, this Court stated that MCL 500.3220(a); MSA 24.13220(a)[3] specifically authorized cancellation if during the fifty-five days following issuance of the policy the risk is unacceptable to the insurer. However, this Court determined on public policy grounds that Ohio Farmers was estopped from asserting rescission after the fifty-five-day statutory period while the insurer retained the premiums.[4] This Court also relied on

---

[3] Section 3220 of the Insurance Code provides:

Subject to the following provisions no insurer licensed to write automobile liability coverage, after a policy has been in effect 55 days or if the policy is a renewal, effective immediately, shall cancel a policy of automobile liability insurance except for any 1 or more of the following reasons:

(a) That during the 55 days following the date of original issue thereof the risk is unacceptable to the insurer.

(b) That the named insured or any other operator, either resident of the same household or who customarily operates an automobile insured under the policy has had his operator's license suspended during the policy period and the revocation or suspension has become final.

[4] We recognize that there is a difference between *cancellation* of an insurance policy as provided for in MCL 500.3220; MSA 24.13220 and the *rescission* ab initio of a policy. See *Cunningham v Citizens Ins Co*

the following statement made in *State Farm Mutual Automobile Ins Co v Kurylowicz,* 67 Mich App 568, 574; 242 NW2d 530 (1976), lv den 397 Mich 827 (1976):

> It is the policy of this state that persons who suffer loss due to the tragedy of automobile accidents in this state shall have a source and a means of recovery. Given this policy, it is questionable whether a policy of automobile liability insurance can ever be held void *ab initio* after injury covered by the policy occurs.

Ohio Farmers' liability then was premised upon policy considerations which estopped it from asserting grounds for rescission.

We also note that the facts in *Frankenmuth Mutual Ins Co v Latham,* 103 Mich App 66; 302 NW2d 329 (1981), are similar to those in this case. In *Latham,* the insurer sought to have a policy of insurance declared void because the insured had misrepresented the validity of his driver's license at the time he obtained the insurance. The insured was then involved in an accident in which a third party was injured. The third party brought a claim against the insurer for damages. This Court held that the liability of the insurer with respect to insurance required by the no-fault act becomes *absolute* whenever injury or damage covered by the policy occurs. *Id.,* p 68 (emphasis added). Also, see *Auto-Owners Ins Co v Ins Comm'r,* 141 Mich App 776, 780; 369 NW2d 896 (1985), where this Court stated:

> The public policy considerations present where an innocent third party must bear the risk of an intentional misrepresentation by the insured are

*of America,* 133 Mich App 471, 478-480; 350 NW2d 283 (1984), lv den 422 Mich 915 (1985).

not present where, as is here asserted, the person seeking to collect no-fault benefits is the same person who procured the policy of insurance through fraud.

We also note that this Court in *Cunningham v Citizens Ins Co of America,* 133 Mich App 471; 350 NW2d 283 (1984), lv den 422 Mich 915 (1985), in holding that the plaintiff's deception in applying for automobile insurance permitted the defendant to rescind the policy ab initio as to the plaintiff's *personal right* to collect no-fault benefits, in dicta, stated: "Had innocent third parties been seriously injured in a collision with plaintiff's vehicle, *we believe that public policy would compel us to hold that coverage for the accident existed,* at least for these third parties." *Cunningham, supra,* p 477 (emphasis added). See also Justice LEVIN's statement in which he would have granted leave in *Cunningham,* 422 Mich 915-916 (1985), and *Coburn v Fox,* 425 Mich 300, 310-311; 389 NW2d 424 (1986).

Based on the foregoing, we conclude that plaintiff should not be able to limit liability under its policy and seek indemnification for the remaining $30,300 paid pursuant to its settlement with Joseph Church, the innocent injured third party. We believe that the Supreme Court has made it clear that the *Shelly* decision is narrow in scope and only applies to circumstances where an exclusionary clause violates the no-fault act and coverage under the policy is reinstated. Simply, there was no exclusionary clause in this case which violated public policy.

Therefore, we conclude that basic public policy considerations require that, once an innocent third party is injured in an accident in which coverage is in effect on the automobile, an insurer will be

estopped from asserting rescission as a basis upon which it may limit its liability to the statutory minimum. Accordingly, the trial court was correct in determining that plaintiff failed to state a claim upon which relief can be granted.

Affirmed.