678 S.E.2d 753 (2009)
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff,
v.
Kelvin Lee SIMPSON, Ricky Ray Harrington, and The North Carolina Department of Transportation, Defendants.
No. COA08-898.
Court of Appeals of North Carolina.
July 7, 2009.
*754 Smyth & Cioffi, LLP, by Theodore B. Smyth, Raleigh, for plaintiff-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Steven Armstrong, for The North Carolina Department of Transportation.
Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr., Washington, for defendant-appellee Ricky Ray Harrington.
STEELMAN, Judge.
An insurance company is not liable under an automobile insurance policy when a person fraudulently procures retroactive liability insurance after an accident occurs.

I. Factual and Procedural Background
The facts pertinent to the issues presented in this appeal are not in dispute. Defendant Kelvin Lee Simpson (Simpson) was the owner and operator of a tractor-trailer. In early 2004, Simpson had liability insurance on the tractor-trailer through plaintiff, North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). His policy expired on 30 April 2004. Simpson attempted to renew the policy for a period of six months but paid his premium with a worthless check. Farm Bureau notified Simpson by letter dated 25 May 2004 that his check had bounced. Simpson acknowledged receipt of the letter. By letter dated 8 June 2004, Farm Bureau notified Simpson of the expiration of his policy of insurance, effective 30 April 2004.
On 15 October 2004, at 9:20 a.m., Simpson was operating the tractor-trailer when it negligently struck a vehicle owned by the North Carolina Department of Transportation (DOT). At the time of the accident, there was no insurance on Simpson's vehicle. That same afternoon, Simpson went to the Farm Bureau office located in Chocowinity, North Carolina and tendered the past due premium of $412.34 to the local agent. Simpson testified in his deposition that he consciously decided not to tell the insurance agent that he had been in an accident because he knew it would result in an increase in his insurance rates. Two weeks after the accident, Farm Bureau issued a policy covering Simpson's vehicle, effective 12:01 a.m. on 15 October 2004. Farm Bureau was not notified of the accident until it received a letter from counsel for Ricky Ray Harrington (Harrington), the operator of the DOT vehicle, dated 5 November 2004. Simpson never notified Farm Bureau about the accident and failed to respond to their inquiries after Farm Bureau was notified by DOT.
On 3 November 2006, Farm Bureau filed this action seeking a declaratory judgment that it had no coverage applicable to the claims arising out of the 15 October 2004 accident. Farm Bureau and Harrington moved for summary judgment. On 16 April 2008, the trial court entered an order declaring that Farm Bureau "provided liability coverage in favor of Ricky Ray Harrington in the sum of $750,000.00 for the automobile accident of October 15, 2004 involving Kelvin Lee Simpson and Ricky Ray Harrington near Grimesland, North Carolina."
Farm Bureau appeals.

II. Standard of Review
Summary judgment cases are reviewed in the appellate courts under a de novo standard of review. In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). On appeal from summary judgment, "[w]e review the record in the light most favorable to the non-moving party." Bradley v. Hidden Valley Transp., Inc., 148 N.C.App. 163, 165, 557 S.E.2d 610, 612 (2001) (citing Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)), aff'd, 355 N.C. 485, 562 S.E.2d 422 (2002).

III. Analysis
In its first argument, Farm Bureau contends that the trial court erred in granting summary judgment in favor of Harrington, *755 ruling that Farm Bureau provided liability insurance to Simpson at the time of the 15 October 2004 accident. We agree.
At the time of the accident, on the morning of 15 October 2004, there was no policy of insurance providing liability insurance on Simpson's vehicle. The question presented is whether Simpson could retroactively procure such coverage, effective back to the time of the accident, by his own admittedly fraudulent conduct. We hold that he could not.
The purpose of Article 9A of Chapter 20 of the General Statutes (Motor Vehicle and Financial Responsibility Act of 1953) is to require the operators of motor vehicles on the streets and highways of North Carolina to be financially responsible. Iowa Mut. Ins. Co. v. Simmons, Inc., 262 N.C. 691, 696, 138 S.E.2d 512, 515 (1964). This goal is achieved by requiring that before a motor vehicle can be registered in this state, the owner must have financial responsibility. N.C. Gen.Stat. § 20-309(a) (2007) (see generally Article 13 of Chapter 20 of the General Statutes, The Vehicle Financial Responsibility Act of 1957). Financial responsibility required for private vehicles is set forth in N.C. Gen.Stat. § 20-279.1(11) and for commercial vehicles in N.C. Gen.Stat. § 20-309(a1) (adopting the amount required for "carriers transporting nonhazardous property in interstate or foreign commerce in 49 C.F.R. § 387.9."). N.C. Gen. Stat. § 20-279.1(11) (2007); N.C. Gen.Stat. § 20-309(a1) (2007). The provisions of the Financial Responsibility Act are written into every motor vehicle liability policy as a matter of law. Wilmoth v. State Farm Mut. Auto. Ins. Co., 127 N.C.App. 260, 262, 488 S.E.2d 628, 630 (1997) (citing Ohio Casualty Ins. Co. v. Anderson, 59 N.C.App. 621, 622, 298 S.E.2d 56, 57 (1982), cert. denied, 307 N.C. 698, 301 S.E.2d 101 (1983)), disc. review denied, 347 N.C. 410, 494 S.E.2d 601, 602 (1997).
It is the "avowed purpose of the Financial Responsibility Act ... to compensate the innocent victims of financially irresponsible motorists." Sutton v. Aetna Casualty & Surety Co., 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989) (citations omitted). The Financial Responsibility Acts are to be liberally construed so that their intended purpose may be fulfilled. Id. (citing Moore v. Hartford Fire Insurance Co., 270 N.C. 532, 535, 155 S.E.2d 128, 130-31 (1967)).
(f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:
(1) Except as hereinafter provided, the liability of the insurance carrier with respect to the insurance required by this Article shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy.
N.C. Gen.Stat. § 20-279.21(f)(1) (2007).
In the instant case, defendants contend that the trial court correctly ruled in their favor based upon this Court's decision in the case of Odum v. Nationwide Mutual Ins. Co., 101 N.C.App. 627, 401 S.E.2d 87, disc. review denied, 329 N.C. 499, 407 S.E.2d 539 (1991). In Odum, the policy holder fraudulently represented to her insurance carrier that she was divorced, she was the sole driver in her household, and no one in the household had convictions for motor vehicle offenses in the past five years. In fact, the policy holder was not divorced, she was living with her husband, and he had a conviction for driving while impaired. The vehicle was subsequently involved in an accident while being operated by the policy holder's husband.
This Court framed the issue before it as "whether the insurer on an automobile liability policy can avoid liability after an injury has occurred on the ground that the policy was procured by the insured's deliberate and material misrepresentations on the application." Odum, 101 N.C.App. at 631, 401 S.E.2d at 89. The case was decided based upon the above-recited portion of N.C. Gen. Stat. § 20-279.21(f)(1), holding that to the extent of coverage mandated by the Financial Responsibility Act, fraud in the application for motor vehicle liability insurance is *756 not a defense once injury has occurred. Id. at 631-33, 401 S.E.2d at 90-91.
Odum is distinguishable from the instant case. In Odum, there was a policy of insurance in full force and effect at the time the injury or damage occurred. In the instant case, there was no policy of insurance in effect at the time the injury to Harrington and the damage to DOT occurred. The language of N.C. Gen.Stat. § 20-279.21(f)(1) presupposes the existence of a policy of insurance at the time of injury or damage. Once the injury or damage occurs, the liability of the insurance carrier becomes absolute, to the extent of the limits of coverage mandated by the Financial Responsibility Act. N.C. Gen.Stat. § 20-279.21(f)(1) (2007); see also Hartford Underwriters Ins. Co. v. Becks, 123 N.C.App. 489, 491-92, 473 S.E.2d 427, 429 (1996), cert. denied and disc. review denied, 345 N.C. 641, 483 S.E.2d 708 (1997).
The issue in this case is whether Simpson could retroactively procure insurance coverage from plaintiff through his own fraud. This is a question of first impression in North Carolina. However, this issue was decided by the Court of Appeals of Michigan in the case Auto-Owners Ins. Co. v. Johnson, 209 Mich.App. 61, 530 N.W.2d 485, appeal denied, 450 Mich. 897, 541 N.W.2d 266 (1995). In that case, Anderson's automobile liability insurance had lapsed. On 1 March 1991, Anderson was involved in an automobile accident that resulted in the deaths of two persons. Later that day, he applied for and procured a policy of insurance, which was effective 12:01 a.m. on 1 March 1991. Id. at 63, 530 N.W.2d at 486. Anderson did not disclose the accident to plaintiff-insurer. Id.
The court noted that under Michigan law, once an innocent third party is injured in an accident where insurance coverage was in effect, the insurer cannot assert the intentional material misrepresentations by the insured to rescind the policy. Id. at 64, 530 N.W.2d at 487. However, the court went on to hold that:
We fail to see any reason in law or policy for plaintiff to be the source of recovery in this case where its policy came into effect after the accident already had occurred. Unlike previous cases before this Court in which the automobile insurance policy existed at the actual time of the loss, the loss in this case occurred before the time the insurance policy came into effect with respect to the automobile. We conclude that the trial court erred in denying plaintiff's motion for summary disposition.
Id. at 65, 530 N.W.2d at 487.
We find the reasoning of the Court of Appeals of Michigan to be persuasive. As in North Carolina, when injury has occurred, the liability of an insurer becomes absolute, where there is a policy of insurance in effect at the time of the injury. However, this is not the law when the policy was not in effect at the time of injury or damage. What defendants argue to this Court is that the provisions of N.C. Gen.Stat. § 20-279.21(f) are incorporated into a policy of insurance that was not in existence at the time of injury or damage. We reject this contention.
The General Conditions of the policy of insurance issued to Simpson provide:
2. Concealment, Misrepresentation Or Fraud
This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
a. This Coverage Form;
b. The covered "auto";
c. Your interest in the covered "auto"; or
d. A claim under this Coverage Form.
It is clear from the undisputed facts of this case that Simpson fraudulently obtained the policy of insurance from plaintiff by deliberately concealing the fact that he had been in an accident earlier that day. Because there was no policy of insurance in effect at the time of the accident, the above policy provision voids the policy as to the pre-existing accident.
We recognize that in this case Harrington, DOT, and Farm Bureau are all innocent parties. There is only one guilty, responsible party: Simpson. While the public policy of *757 North Carolina is to require financial responsibility of persons owning motor vehicles in North Carolina, and to protect innocent persons damaged by the negligent operation of motor vehicles, it does not extend so far as to allow the fraudulent, retroactive procurement of liability insurance.
The trial court erred in holding that there was coverage under plaintiff's policy of insurance for the 15 October 2004 accident. The order of the trial court is reversed, and this matter is remanded to the trial court for entry of judgment declaring that plaintiff did not have a policy of insurance in effect at the time of the 15 October 2004 accident with respect to defendant Simpson's motor vehicle.
REVERSED and REMANDED.
Judges GEER and STEPHENS concur.