# STATE OF MICHIGAN

# COURT OF APPEALS

KENYA ALISHA FROST, GENERAL MOTORS
ACCEPTANCE CORPORATION (GMAC), and
ALLY FINANCIAL, INC.,

UNPUBLISHED
July 28, 2016

Plaintiffs,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,

Intervening Plaintiff-Appellee,

v

No. 316157
Wayne Circuit Court
LC No. 11-002947-NF

PROGRESSIVE MICHIGAN INSURANCE
COMPANY, a/k/a PROGRESSIVE MARATHON
INSURANCE COMPANY,

Defendant-Appellant.

ON REMAND

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Defendant Progressive Insurance Company appeals by right the circuit court's order granting summary disposition in favor of intervening plaintiff Citizens Insurance. We again vacate the summary disposition order and remand to the circuit court.

In April 2010, plaintiff Kenya Frost obtained a liability insurance policy from Progressive to cover her car. The following month, the car was destroyed. The month after that, Frost's minor daughter was injured in an accident while an occupant in an uninsured car. The Assigned Claims Facility assigned Frost's daughter's claim to Citizens. In September 2010, Progressive informed Frost that her policy was rescinded *ab initio*, alleging that Frost had

-1-

procured the policy through fraud. In 2011, Frost filed suit against Progressive seeking reimbursement for losses incurred when her car was destroyed.[1] Citizens intervened as a party plaintiff to seek reimbursement from Progressive benefits that Citizens had paid on behalf of Frost's daughter.

Citizens and Progressive filed cross-motions for summary disposition pursuant to MCR 2.116(C)(10) and MCR 2.116(I)(2) respectively. Citizens argued that Progressive could not void a policy of insurance *ab initio* where an innocent third party is affected. Defendant argued that Frost committed actionable fraud, and that, pursuant to the Michigan Supreme Court's decision in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), the claims of an innocent third party do not bar rescission of the policy *ab initio*.

The circuit court found that the accident had occurred before Progressive had attempted to rescind the policy, and that once the accident occurred, Progressive lost its ability to rescind as to Frost's daughter. The court entered an order granting Citizens' motion for summary disposition and denying Progressive motion. This Court vacated and remanded in *Frost v Progressive Mich Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued September 23, 2014 (Docket No. 316157), which the Michigan Supreme Court vacated for reconsideration in light of *Bazzi v Sentinel Ins Co*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 320518). *Frost v Progressive Mich Ins Co*, 497 Mich 980; 860 NW2d 636 (2015).

In *Bazzi*, the action arose out of a motor vehicle accident in which both first-party and third-party claims ensued.[2] The trial court denied Sentinel's motion for summary disposition on Bazzi's claim for PIP benefits premised on the innocent third-party rule. *Bazzi*, ___ Mich App at ___; slip op at 2. In this Court, the *Bazzi* majority construed the issue to be addressed as "whether the so-called 'innocent third-party' rule, which this Court established in *State Farm Mut Auto Ins Co v Kurylowicz*, [67 Mich App 568; 242 NW2d 530 (1976), overruled in *Hyten*, 491 Mich at 550,] survived our Supreme Court's decision in *Titan Ins Co v Hyten*." *Bazzi*, ___ Mich App at ___; slip op at 2 (citation omitted). The *Bazzi* majority concluded "that it did not." *Id.*

While *Hyten* did not involve a claim for PIP benefits, the *Bazzi* majority found the decision in *Hyten* to be determinative and concluded that "there is no innocent third-party rule as to a claim for [PIP] benefits. That is, if an insurer is entitled to rescind a no-fault insurance policy based upon a claim of fraud, it is not obligated to pay benefits under that policy even for PIP benefits to a third party innocent of the fraud." *Bazzi*, ___ Mich App at ___; slip op at 3. In other words, if an insurer is able to establish that the subject insurance policy was "procured by fraud," the insurer will not be "obligated to pay no-fault benefits." *Id.*

---

[1] Frost was eventually joined by plaintiffs GMAC and Ally Financial, Inc., who dismissed their claims against defendant and are not parties in the instant appeal.

[2] "Sentinel successfully pursued a third-party complaint against Hala and Mariam Bazzi seeking to rescind the policy based on fraud." *Bazzi*, ___ Mich App at ___; slip op at 2.

In its analysis, the *Bazzi* majority determined that the "easily ascertainable" rule and the "innocent third-party rule" are effectively indistinguishable in "that they are one and the same [rule]." *Id.* Denying that the decision in *Hyten* was focused solely "on how ascertainable the fraud is," the majority determined that it was "also relevant that we are dealing with a third-party claimant." *Id.* at ___; slip op at 4. Finding the issue in *Hyten* to comprise "whether an insurer may avail itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, when the fraud was easily ascertainable and the claimant is a third party," the *Bazzi* majority asserted that *Hyten* recognized the necessity "that both conditions must apply before the insurer is prevented from raising a fraud defense." *Bazzi*, ___ Mich App at ___; slip op at 4, citing *Hyten*, 491 Mich at 560, 564. Further, the majority observed that *Hyten* served to overrule *Kurylowicz*, "its progeny," and other decisions, such as *Ohio Farmers Ins Co v Mich Mut Ins Co*, 179 Mich App 355; 445 NW2d 228 (1989), overruled in *Hyten*, 491 Mich at 564, "to the extent that it held 'that an insurer is estopped from denying coverage on the basis of fraud when it could have easily ascertained the fraud[.]' " *Bazzi*, ___ Mich App at ___; slip op at 4-5, quoting *Hyten*, 491 Mich at 551 n 1.

The *Bazzi* majority further concluded that the decision in *Hyten* extended to "mandatory no-fault benefits." *Bazzi*, ___ Mich App at ___; slip op at 5. In reaching this conclusion, the majority quoted the following language in *Hyten*:

> [T]hat an insurer is not precluded from availing itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, even when the fraud was easily ascertainable and the claimant is a third party. [*Bazzi*, ___ Mich App at ___; slip op at 5, quoting *Hyten*, 491 Mich at 571.]

Indicating that the above-referenced statement from *Hyten* lacked any qualification regarding whether the benefits were statutorily mandated, the *Bazzi* majority asserted:

> Thus, if there is a valid policy in force, the statute controls the mandated coverages. But what coverages are required by law are simply irrelevant where the insurer is entitled to declare the policy void *ab initio*. [*Bazzi*, ___ Mich App at ___; slip op at 5.]

Therefore, according to *Bazzi*, the question becomes, "not whether PIP benefits are mandated by statute, but whether that statute prohibits the insurer from availing itself of the defense of fraud." *Id.* Indicating the failure of the litigants to identify a provision within the no-fault act that statutorily restricts the use of the fraud defense with regard to PIP benefits, the majority proceeded to address MCL 257.520 and the discussion regarding this statutory provision in *Hyten*, stating that the *Hyten* Court "concluded that [the] limitation on the fraud defense contained in MCL 257.520(f)(1) does not apply to all automobile insurance policies." *Bazzi*, ___ Mich App at ___; slip op at 5-6. Based on the *Hyten* Court's determination that MCL 257.520(f)(1) only restricted the fraud defense to coverage under MCL 257.501 through MCL 257.532, the *Bazzi* majority suggested that the statutory provision "is only relevant [to] whether the Legislature has restricted the availability of the fraud defense with respect to particular coverage." *Bazzi*, ___ Mich App at ___; slip op at 7. Consequently, the *Bazzi* majority

determined that MCL 257.520(f)(1) restricted only coverage to proof of financial responsibility pursuant to MCL 257.518 and MCL 257.519, and explained:

> [U]nless the insured . . . had an outstanding, unsatisfied judgment . . . then the provisions of MCL 257.520 would simply not apply. This is in contrast to MCL 500.3101, which requires that the owner or registrant of a motor vehicle driven on a highway carry certain insurance coverages, including residual liability insurance. And under MCL 500.3131 and MCL 500.3009, the minimum limits are similar to that required under the financial responsibility act. But, unlike the provisions of the financial responsibility act, none of those statutes restrict the availability of the fraud defense. [*Bazzi*, ___ Mich App at ___; slip op at 7 (footnote omitted).]

The Court further rejected a public policy argument for retaining the "innocent third-party" rule, noting the *Hyten* Court's criticism of a " 'public policy' rationale" for "the adoption of the 'easily ascertainable' rule." *Id.* at 8, quoting *Hyten*, 491 Mich at 564-566. Ultimately, the majority deemed it the role of the Legislature to determine whether public policy arguments pertaining to this issue had merit. *Bazzi*, ___ Mich App at ___; slip op at 9.

In remanding the case to the trial court to address factual determinations regarding the establishment of fraud to permit rescission of the insurance policy, the *Bazzi* majority summarized its holding by concluding:

> (1) there is no distinction between an "easily ascertainable rule" and an "innocent third-party rule," (2) the Supreme Court in [*Hyten*] clearly held that fraud is an available defense to an insurance contract except to the extent that the Legislature has restricted that defense by statute, (3) the Legislature has not done so with respect to PIP benefits under the no-fault act, and, therefore (4) the judicially created innocent third-party rule has not survived the Supreme Court's decision in [*Hyten*]. Therefore, if an insurer is able to establish that a no-fault policy was obtained through fraud, it is entitled to declare the policy void ab initio and rescind it, including denying the payment of benefits to innocent third-parties. [*Id.* at 10.]

The issue on appeal is whether the circuit court erred by ruling that Progressive could not rescind the policy *ab initio* as to Frost's daughter. We previously concluded that the circuit court's ruling is inconsistent with our Supreme Court's holding in *Hyten*, 491 Mich at 571. In *Hyten*, our Supreme Court held that absent statutory provisions to the contrary, "an insurer is not precluded from availing itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, even when the fraud was easily ascertainable and the claimant is a third party." *Id.* Accordingly, the claim by Frost's daughter did not bar Progressive from rescinding the policy in this case.

We conclude that our previous decision is consistent with and adheres to the majority decision in *Bazzi*. To prevail on its rescission claim, Progressive must establish proper grounds for rescission. Because the circuit court did not expressly rule on the grounds for rescission, the case must be remanded for further proceedings.

The court's order granting summary disposition to Citizens and denying summary disposition to Progressive is vacated. The case is remanded for further proceedings. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Peter D. O'Connell