# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA DENISE WRIGHT,

       Plaintiff-Appellant,

v

LM GENERAL INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
May 3, 2018

No. 338131
Wayne Circuit Court
LC No. 16-004055-NI

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this no-fault insurance dispute, plaintiff appeals the order of the circuit court granting defendant's motion for summary disposition after plaintiff failed to timely file a response to the motion. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff was injured in a car accident on May 18, 2015 while riding as a passenger in a vehicle owned and operated by Dnisha Brannon. Brannon had purchased an insurance policy with defendant in April of 2015. However, defendant later voided that policy based on Brannon's material misrepresentation during the application process. When originally procuring an auto insurance policy with defendant, Brannon had allegedly claimed that she had been insured for the previous two years by AAA Insurance Company. Defendant later learned that Brannon's previous insurer was actually Progressive Insurance Company, and Progressive Insurance Company had also rescinded Brannon's policy due to material misrepresentation during the application process. In addition, a man claiming to be Brannon had added several vehicles to Brannon's policy at various points in time, although the vehicles were ultimately removed when Brannon advised defendant that the vehicles were not hers and that she had not added them to the policy. Defendant also claimed that while investigating plaintiff's and Brannon's claims regarding the accident, it had learned that the accident had not occurred as they had reported it, and that none of the damage to Brannon's vehicle was caused by the reported accident.

Plaintiff requested defendant pay her uninsured motorist benefits, as well as personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Defendant denied plaintiff's claim for several reasons. They asserted, *inter alia*, that plaintiff's injuries

predated the accident; that defendant was not negligent with respect to the accident; that plaintiff was negligent for failing to wear a seatbelt and because she was impaired by alcohol or other controlled substances at the time of the accident; and that plaintiff's claims were barred by the fraud provision of Brannon's policy, because Brannon had procured the policy through misrepresentation. Defendant also noted that plaintiff had failed to appear for two scheduled independent medical examinations.

Plaintiff filed a complaint with the circuit court seeking to compel defendant to pay benefits. Defendant subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), reasserting its claim that plaintiff's claims for PIP benefits and uninsured motorist (UM) benefits were barred by the fraud exclusion in Brannon's policy. Plaintiff attempted to file a response to defendant's motion three days after the deadline imposed by the trial court in its summary disposition schedule, but it was rejected by the court's e-filing system. The court granted defendant's motion for summary judgment based on plaintiff's failure to file a timely response, and based on its finding that the motion was "properly supported" as required by MCR 2.116(G)(2), (3).

Plaintiff filed a motion for reconsideration, arguing that the court's decision to dismiss the case was "draconian" in light of her "extensive" injuries. Plaintiff also argued that the court could have punished her for filing her response late by imposing a fine or other more moderate sanctions, and that justice was not served when the court made a decision without hearing from both parties. The court denied plaintiff's motion, and this appeal followed.

## II. FAILURE TO TIMELY RESPOND

Plaintiff first argues that the trial court acted improperly when it granted defendant's motion for summary disposition without hearing from both parties. We disagree.

Generally, this Court would review a trial court's decision not to entertain motions or responses to such motions filed after the deadline set forth in its scheduling orders for an abuse of discretion. *Kemerko Clawson LLC v RxIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). However, because plaintiff failed to preserve this issue below, our review is for plain error affecting plaintiff's substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

According to plaintiff, the trial court erred when it dismissed her case without considering her arguments because our legal system favors disposition of litigation on the merits, and it violates fundamental principles of justice to dismiss a case without hearing from both parties. However, in *Kemerko Clawson LLC v RxIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005), this Court stated that MCR 2.401(B)(2) provides that "a trial court 'shall establish times for events the court deems appropriate, including . . . (ii) the amendment of pleadings, adding of parties, or filing of motions . . . .' Under this rule, the trial court has the discretion to decline to entertain motions beyond the stated deadline." It follows that the trial court would have the discretion to decline to entertain an untimely response to a motion. Additionally, adherence to the court rule "promotes the efficient management of the trial court's docket." *Id.* at 350. Therefore, in situations like the instant case, where a party has been provided with

adequate notice of the scheduling timeframe, a court does not violate due process principles by declining to "entertain motions [or responses] beyond the stated deadline." *Id*. at 349.

In this case, following the filing of defendant's motion for summary disposition, the trial court entered a summary disposition schedule, which provided that all "responses to the motion shall be e-filed, and electronic service completed upon all parties by **4:00 p.m. on March 21, 2017**. MCR 2.119(e)(3)." The trial court went on to state:

> If a timely response brief is not filed the [c]ourt SHALL assume that the non-moving party, whether or not represented by counsel, does not have any authority for his/her/its position(s) and moving party's motion will be granted. *See Moore v Whiting*, unpublished per curiam [opinion] of the Court of Appeals, issued November 10, 2015 (No. 323697).

While we acknowledge that *Moore* is unpublished, and therefore not binding precedent, MCR 7.215(C)(1), the authority for this Court's decision in *Moore* comes from this Court's published opinion in *Kemerko*. In *Kemerko*, this Court held that MCR 2.401(B)(2)(a)(ii) affords trial courts the ability to set deadlines through scheduling orders, and a trial court does not abuse its discretion, or in this case, plainly err, by strictly adhering to the deadlines set in its scheduling orders. *Kemerko*, 269 Mich App at 350-353.

Our review of the record indicates that the trial court set a deadline of March 21, 2017 for plaintiff to file her response to defendant's motion for summary disposition. For whatever reason, plaintiff did not attempt to file her response until March 24, 2017, three days past the deadline set in the scheduling order, and in fact, the filing was never accepted for e-filing. Accordingly, we conclude that the circuit court did not plainly err by granting defendant's motion based on plaintiff's failure to comply with the court's summary disposition schedule.

### III. PLAINTIFF AS AN INNOCENT THIRD PARTY

Second, plaintiff argues that even if Brannon's alleged fraud were to be established, it does not bar plaintiff from obtaining relief under the no-fault act. We disagree.

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted), and should be granted where "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gem Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v. Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or

denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).

Plaintiff argues that she was entitled to receive PIP benefits even though she was not insured, and even though Brannon's policy was later voided, pursuant to MCL 500.3114. According to plaintiff, the statute provides that an individual in her position is a beneficiary, so she was therefore eligible to receive statutory benefits even if the insurance policy was voided. In response, defendant contends that it was not liable to pay benefits to plaintiff under MCL 500.3114(4)(a) and (b) because the statute states that "the insurer" of the owner, registrant, or operator of a vehicle is liable to the occupant of the vehicle, and because Brannon's policy was void at the time of the alleged accident, "it was undisputed that there was no insurance in effect at the time of the accident. Therefore, defendant claims, it cannot be liable to plaintiff under this statutory provision because it was not 'the insurer' " under the statute. We find defendant's position to be persuasive.

MCL 500.3114 provides, in pertinent part, as follows:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the vehicle occupied.

> (b) The insurer of the operator of the vehicle occupied.

Defendant asserts that Brannon's policy was "void *ab initio*," or null from the moment the contract was entered into, due to Brannon's material misrepresentations in the application process. See *Black's Law Dictionary* (7th ed). Therefore, according to defendant, no policy was in place when the accident occurred, and plaintiff is not entitled to statutory benefits under the innocent third party rule.

Previously, under the innocent third party rule, where an automobile insurer rescinded a policy for fraud, it could not avoid paying benefits under the no-fault act to innocent third parties where the third party was injured in an accident that occurred while the policy was in effect. See *Auto-Owners Ins Co v Johnson*, 209 Mich App 61, 63-64; 530 NW2d 485 (1995). However, following our Supreme Court's decision in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), this Court subsequently held in *Bazzi v Sentinel Ins Co*, 315 Mich App 763, 767, 771-773; 891 NW2d 13 (2016), lv gtd __ Mich __; 894 NW2d 590 (2017), that the "innocent third party" rule did not survive *Hyten*. In *Bazzi*, this Court held that although our Supreme Court's decision in

*Titan* did not involve a no-fault insurance claim for PIP benefits, we nonetheless are convinced that *Titan* compels the conclusion that the innocent-third-party rule does not apply to a claim for those benefits. That is, if an insurer is entitled to rescind a no-fault insurance policy because of fraud, it is not obligated to pay any benefits under that policy, including PIP benefits to a third party innocent of the fraud. [*Bazzi*, 315 Mich App at 770.]

Plaintiff argues that this Court should not rely on *Bazzi* because the plaintiff's application for leave to appeal has been granted in that case, "signaling the possibility of a change in the outcome." See *Bazzi*, __ Mich __; 894 NW2d 590. However, unless and until our Supreme Court reaches a decision in *Bazzi*, we are compelled to follow it as binding precedent. The trial court did not err by doing the same.

Plaintiff also argues that defendant's reliance upon this Court's decision in *Bahri* in its motion for summary disposition was misplaced because *Bahri* does not apply to a passenger. Plaintiff further asserts that *Bahri* was distinguished by this Court's recent decision in *Shelton v Auto-Owners Insurance Company*, 318 Mich App 648; 899 NW2d 744 (2017), in which this Court held that uninsured passengers are eligible for benefits, payable by the insurer, pursuant to the no-fault statute rather than the insurance policy in situations where the insurance policy has been voided for fraud or misrepresentation.

In *Shelton*, the plaintiff was injured in a car accident while she was a passenger in a vehicle operated by an individual who was insured by the defendant; the defendant sought to exclude her from receiving PIP benefits based on a fraud provision in the subject insurance policy. *Shelton*, 899 NW2d at 746-747. Relying on *Bahri*, the defendant argued that the fraud policy exclusion applied to the plaintiff "despite the fact that she is not a policyholder" because "the evidence demonstrate[d] beyond a question of fact that [the plaintiff] engaged in fraud as defined in the policy" in claiming benefits from the defendant. *Id*. This Court held that "[t]he law governing application of the policy exclusion in *Bahri* is not applicable in this case" because in *Bahri*, the fraud provision applied to the plaintiff, who was the policyholder. *Id*. at 747. "In this case, however, Shelton was not a party to, nor an insured under, the policy; she was injured while a passenger, and because neither she nor her spouse or resident relative had a no-fault policy, defendant was required to pay her benefits pursuant to statute, not pursuant to a contractual agreement." *Id*. However, *Shelton* is distinguishable from the instant case.

In *Shelton*, the policy at issue had not been rescinded at the time of the accident. Rather, the defendant in *Shelton* argued that the plaintiff had committed a fraud in her *claim for PIP benefits*, and sought to exclude her from coverage based on this fraud. In the instant case, defendant argued that it was not liable to pay plaintiff benefits under the statute based on Brannon's *fraud in procuring the policy*, and based on its voiding of the policy because of Brannon's fraud as of its effective date—prior to the date of the accident. Contrary to plaintiff's argument, *Shelton* does not stand for the proposition that a passenger may not be excluded from receiving PIP benefits under the insured's policy based on the insured's fraud, as this conclusion would conflict with this Court's holding in *Bazzi* abolishing the innocent third party rule.

Plaintiff failed to rebut defendant's claim that the insurance policy issued to Brannon was void *ab initio* due to material representations made in her application for insurance in a timely

response to defendant's motion for summary disposition. Accordingly, no genuine issues of material fact exist upon which reasonable minds could differ. Even when the record is viewed in a light most favorable to plaintiff as the non-moving party, defendant was not Brannon's insurer at the time of the accident in question, and plaintiff is not entitled to the protection of the innocent third party rule, as it did not survive this Court's decision in *Bazzi*. Accordingly, we conclude that defendant was entitled to summary disposition.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen