## KEMERKO CLAWSON, LLC v RXIV INCORPORATED

Docket No. 255887. Submitted October 12, 2005, at Detroit. Decided October 20, 2005. Approved for publication December 29, 2005, at 9:00 a.m.

Kemerko Clawson, LLC, brought an action in the Oakland Circuit Court against RxIV Incorporated and others relating to a commercial landlord-tenant dispute. The court, Steven N. Andrews, J., conducted a bench trial, following which it granted judgment for the plaintiff and concluded that there was no cause of action on the defendants' counterclaim. Before and at trial, the court refused to hear the defendants' motions to allow the affirmative defense of release to be presented because those motions were filed after the deadline for dispositive motions scheduled by the court. The defendants appealed.

The Court of Appeals *held*:

1. The circuit court did not abuse its discretion when it refused to entertain the defendants' pretrial motions for summary disposition based on the affirmative defense of release, where those motions were filed after the deadline set in the court's scheduling order. MCR 2.401(B)(2) allows a court to establish times for events the court deems appropriate, including motions for the amendment of pleadings or the filing of dispositive motions. This rule grants a court the discretion to decline to hear motions brought after the deadline. Although, in general, MCR 2.116(B)(2) provides that a motion for summary disposition may be filed by a party at any time, MCR 2.401(B)(2)(a)(ii) specifically grants the trial court the power to limit the period available for such motions when the court concludes that such an order would facilitate the progress of the case.

2. The trial court did not abuse its discretion in refusing to entertain the defendants' motion to amend their pleadings to include the affirmative defense of release. The motion was filed after the deadline and, although under MCR 2.118(A)(2) such a motion may be filed at any time after the deadline, it may only be heard by leave granted by the court or by written consent of the adverse party.

3. The defendants waived the affirmative defense of release by failing to raise it in their first responsive pleading. MCR 2.111(F)(2) and (3). Because the defendants knew of the existence of the release defense at the time of their first responsive pleading, even though they lacked sufficient proofs at the time, the exception for later discovery is not applicable. Even if the release were binding, the defendants still had to raise the affirmative defense of release in their first responsive pleading.

4. The circuit court's findings of fact and conclusions of law, as stated in its opinion, were sufficient under MCR 2.517(A). A court's findings of fact and conclusions of law are sufficient under MCR 2.517(A)(2) if they are brief, definite, pertinent, and without overelaboration of detail or particularization of the facts. The trial court in this case sufficiently found that the release did not defeat the plaintiff's claims.

Affirmed.

MOTIONS AND ORDERS — SUMMARY DISPOSITION — SCHEDULING ORDERS.

Although MCR 2.116(B)(2) states that motions for summary disposition, in general, may be filed at any time, MCR 2.401(B)(2)(a)(ii) grants a trial court the power to issue a scheduling order that limits the time for filing such a motion if the trial court concludes that such a scheduling order would facilitate the progress of the case; the specific provision of MCR 2.401(B)(2)(a)(ii) controls over the more general rule of MCR 2.116(B)(2).

*Keller Thoma, P.C.* (by *Larry E. Powe* and *Kevin T. Sutton*), for the plaintiff.

*Kutinsky, Davey & Goldman* (by *John J. Davey*) for the defendants.

Before: CAVANAGH, P.J., and SMOLENSKI and ZAHRA, JJ.

SMOLENSKI, J. In this commercial landlord-tenant dispute, defendants appeal as of right the bench trial judgment in favor of plaintiff and finding of no cause of action on defendants' counterclaim. We affirm.

On May 10, 2003, the trial court issued a scheduling order that required all dispositive motions and motions in limine to be heard by the court by November 7, 2003,

or those motion topics would be waived. On December 30, 2003, defendants filed a motion for summary disposition under MCR 2.116(C)(7), claiming that plaintiff's claims were barred by the affirmative defense of release.[1] The trial court refused to hear this motion because it was filed after the November 7, 2003, deadline for dispositive motions. On January 21, 2004, defendants moved to extend the dispositive motion deadline, which motion the trial court again refused to hear. On January 27, 2004, before the bench trial commenced, defendants raised the issue of their motion for summary disposition. The trial court responded, "[M]y staff told you weeks ago that I said no, because you violated the Court's pretrial order. Motion denied." Finally, during opening statements, defendants' trial counsel again attempted to raise the issue of release, but was told by the trial court to move on to something else.

Defendants first argue that the trial court abused its discretion when it refused to entertain defendants' pretrial motions on the grounds that they were untimely filed. We disagree. This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order. *People v Grove*, 455 Mich 439, 470; 566 NW2d 547 (1997).

Under MCR 2.401(B)(2) a trial court "shall establish times for events the court deems appropriate, including . . . (ii) the amendment of pleadings, adding of parties, or filing of motions . . . ." Under this rule, the trial court has the discretion to decline to entertain motions beyond the stated deadline. *Grove, supra* at 469. While defendants concede that the trial court had

---

[1] Defendants also asked the trial court to permit them to amend their first responsive pleading to include the affirmative defense of release.

this discretion, they nevertheless contend that the trial court was required, as a matter of law, to entertain their various motions despite the fact that they were all filed after the November 7, 2003, deadline set by the trial court. Defendants present several arguments in support of this contention.

Defendants first argue that the trial court was required to hear their December 30, 2003, motion for summary disposition because MCR 2.116(B)(2) provides that a motion for summary disposition may be filed by a party "at any time." We disagree that MCR 2.116(B)(2) deprives the trial court of discretion to set a limit on the time within which a motion under MCR 2.116 may be filed, as provided by MCR 2.401(B)(2).

MCR 2.116 sets forth the general rules governing motions for summary disposition. Although MCR 2.116(B)(2) states that motions under MCR 2.116, in general, may be filed at any time, MCR 2.401(B)(2)(a)(ii) specifically grants the trial court the power to limit this period through a scheduling order when it "concludes that such an order would facilitate the progress of the case . . . ." Hence, these provisions appear to conflict. Under MCR 1.105, this Court must construe the rules "to secure the just, speedy, and economical determination of every action . . . ." As our Supreme Court has noted, MCR 2.401 implicitly permits trial courts to decline to entertain motions beyond the deadlines established in scheduling orders. *Grove, supra* at 469. Furthermore, the Court held that this construction promotes the efficient management of the trial court's docket and is consistent with the rule of construction stated under MCR 1.105. *Grove, supra* at 469 n 36, 470. Were we to construe MCR 2.116 in the way urged by defendants, we would effectively construe the reference to motions in MCR 2.401(B)(2)(a)(ii) out

of existence, and, thereby, severely curtail the trial court's ability to manage its docket through the use of scheduling orders. Therefore, we decline to interpret MCR 2.116(B)(2) to limit the discretion of the trial court's ability to set deadlines through scheduling orders made pursuant to MCR 2.401(B). Instead, we hold that the specific provision of MCR 2.401(B)(2)(a)(ii) controls over the more general rule that motions under MCR 2.116 may be filed at any time.[2] See *Antrim Co Treasurer v Dep't of Treasury*, 263 Mich App 474, 484; 688 NW2d 840 (2004).

Defendants also contend that they "cannot be required by enforcement of a Scheduling Order to defend against a claim that is absolutely prohibited by law." Defendants erroneously rely on *Gerling Konzern Allgemeine Versicherungs AG v Lawson*, 254 Mich App 241, 248; 657 NW2d 143 (2002), rev'd 472 Mich 44; 693 NW2d 149 (2005), for this proposition. In *Gerling*, this Court held that the trial court abused its discretion when it refused to entertain the defendant's motion under MCR 2.116(C)(8). *Gerling*, 254 Mich App 248. The Court reasoned that, under MCR 2.116(D)(3), the defendant could file its C(8) motion at any time, even after the deadline set by the scheduling order. Although we question the validity of that holding in light of our Supreme Court's holding in *Grove*,[3] and the ultimate

---

[2] In addition, under MCR 2.116(D)(2), defendants could not raise the affirmative defense of release unless they pleaded that defense in their first responsive pleading or filed a motion on that basis before the first responsive pleading. Because the motion was not filed before the first responsive pleading and release was not pleaded in the first responsive pleading, defendants' motion was barred by MCR 2.116(D)(2) and waived under MCR 2.111(F)(2) and (3).

[3] See also, *EDI Holdings LLC v Lear Corp*, 469 Mich 1021 (2004) (summarily reversing this Court's determination that the trial court abused its discretion by refusing to accept a brief filed after the deadline established by the trial court's summary disposition scheduling order).

disposition of *Gerling*, the motion in this case was based on the affirmative defense of release under MCR 2.116(C)(7). Therefore, MCR 2.116(D)(3) is inapplicable to this case.[4]

Next, defendants maintain that their motion to amend the pleadings, which was filed with their motion for summary disposition, was timely because, under MCR 2.118(A)(2), it, too, may be filed at any time. However, that rule states that "a party may amend a pleading *only by leave of the court or by written consent of the adverse party.*" MCR 2.118(A)(2) (emphasis added). Hence, by the plain language of MCR 2.118(A)(2), the trial court had the discretion to deny defendants' request to amend the pleadings.[5] Because defendants' motion came several weeks after the deadline established by the scheduling order and only a few weeks before the trial was to begin, we cannot conclude that the trial court's decision not to entertain the motion was an abuse of discretion. *Grove, supra* at 470-471.

Defendants next contend the trial court did not consider other, less severe options. Defendants cite *Houston v Southwest Detroit Hosp*, 166 Mich App 623; 420 NW2d 835 (1987), in support of this contention. That case, however, concerned discovery sanctions under what is now MCR 2.313, rather than a court's decision not to entertain motions filed after the expiration of a scheduling order made under MCR 2.401(B)(2). *Houston* at 629. In *Houston*, this Court

---

[4] Furthermore, we disagree that the purported release barred plaintiff from even bringing its claim. Release is an affirmative defense, which must be pleaded and proved. See MCR 2.116(C)(7).

[5] Defendants also rely on MCR 2.118(C). However, that rule permits the amendment of the pleadings to conform with the evidence presented at trial. Here, defendants were trying to amend the pleadings before trial; therefore the rule is inapplicable.

determined that the trial court was required to make a determination whether the specific sanction imposed was just under the circumstances. *Id.* In the present case, the trial court was under no such obligation.

Finally, defendants contend that the trial court abused its discretion when it abdicated its discretion by refusing to even hear their motions. Defendants cite *People v Stafford*, 434 Mich 125; 450 NW2d 559 (1990), and *Rieth v Keeler*, 230 Mich App 346; 583 NW2d 552 (1998), in support of this contention. However, in each of those cases, the trial court was under an affirmative obligation to exercise its discretion for a reason other than the mere fact that one of the parties had made a request of the court. In *Stafford*, a magistrate was obligated to consider the entire evidence when deciding on what charges a defendant should be bound over. *Stafford*, *supra* at 133. In *Reith*, the trial court mistakenly assumed that it had no discretion to exercise. *Reith*, *supra* at 349. Here, the trial court was under no affirmative obligation to exercise its discretion, nor did it mistakenly believe it had no discretion at all. Therefore, it did not abdicate its discretion.

Defendants next argue that the trial court erred by not allowing them to present the affirmative defense of release during trial. Defendants maintain that there are three applicable exceptions to the waiver rule stated under MCR 2.111(F)(2) and (3).

First, citing *Meridian Mut Ins Co v Mason-Dixon Lines, Inc (On Remand)*, 242 Mich App 645; 620 NW2d 310 (2000), defendants maintain that they were not required to raise their affirmative defense in their first responsive pleading because they only "discovered" the applicability of the defense during the course of discovery. Defendants impliedly contend the "discovery exception" of *Meridian* should be applicable here because

they only received documentary evidence of the consideration paid under the terms of the release after the deadline date. We disagree. Defendants knew of the existence of the release defense at the time of their first responsive pleading, but simply chose not to assert it at that time. Defendants were not required to have proof that the consideration for the release was paid before they could assert it in their answer. Therefore, defendants' implied assertion that they were not obligated to plead the defense until they had the financial evidence to support it is without merit, as is their reliance on *Meridian*.

Second, defendants argue they were not required to "restate" their affirmative defense in their first responsive pleading by amendment because they were entitled to rely on the fact that the release was binding. Defendants' reliance on *Stefanac v Cranbrook Educational Community (After Remand)*, 435 Mich 155; 458 NW2d 56 (1990), in support of this contention is misplaced. In that case, the defendant did plead an affirmative defense of release in its first responsive pleading and, therefore, did not waive this defense. *Id.* at 160 n 2. Furthermore, the Court's holding in that case was not that a defendant would not have to plead release as an affirmative defense, but that a defendant would not *also* have to plead nontender by the plaintiff to effectively assert the defense. *Id.* at 169 n 15. Hence, defendants' assertion that *Stefanac* provides an exception to MCR 2.111(F)(2) and (3) is without merit.

Finally, defendants' contention that *Stefanac* also provides an exception where a plaintiff has failed to tender the consideration of a release is similarly misplaced. While the Court in *Stefanac* did hold that a plaintiff must tender the consideration paid by the defendant in consideration of the release before filing

suit, the Court held that the failure to do so defeated the plaintiff's repudiation of the release. *Stefanac, supra* at 165. This holding does not relieve a defendant of its affirmative obligation to properly assert release as an affirmative defense. By failing to assert the defense, defendants waived it. MCR 2.111(F)(2), (3).

Defendants' final issue on appeal is whether the trial court clearly erred by failing to make findings of fact and conclusions of law regarding the release provision as required by MCR 2.517(A)(1). We find that it did not. Although defendants contend that the trial court made no findings relating to the release, we conclude that the trial court implicitly found that the release did not defeat plaintiff's claims when it found that "various provisions" of the agreement were controlling, quoted several paragraphs of the contract, including the release, and then found for plaintiff. Under MCR 2.517(A)(2), "[b]rief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts." Hence, the trial court's findings of fact and conclusions of law, as stated in its opinion, were sufficient under MCR 2.517(A).

The trial court did not make any errors warranting reversal.

Affirmed.