*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIOLET M. ROWE TRUST,

      Plaintiff-Appellant,

v

MICHAEL D. DUBACH, KENNETH J. WALKER, and JUDITH M. WALKER,

      Defendants-Appellees.

UNPUBLISHED
September 02, 2025
9:58 AM

No. 370088
Wayne Circuit Court
LC No. 19-012453-CZ

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff, Violet M. Rowe Trust (the "Trust"), appeals from an order granting defendants', Kenneth Walker and Judith Walker's,[1] motion to dismiss and motion in limine excluding evidence of monetary damages. We vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from alleged damage caused to the Trust's property in Rockwood, Michigan (the "Property") after defendants altered the grading of their own adjacent properties. The Trust sued defendants for the first time in 2016, and the case settled. However, believing defendants breached the terms of the parties' settlement agreement, the Trust initiated the present lawsuit in 2019.

---

[1] Defendant, Michael Dubach ("Dubach"), did not join the applicable motions below, and he has not participated in this appeal. Consequently, we omit discussion of Dubach except to the extent necessary for a full understanding of the factual background of this case. We refer to Kenneth and Judith, collectively, as "the Walkers." Where appropriate, we refer to the Walkers and Dubach, collectively, as "defendants."

During the lower court proceedings, the trial court entered a stipulated order exempting the Trust's claims from case evaluation. Thereafter, in May 2021, the trial court entered a pretrial order requiring the parties to file all dispositive motions and motions in limine by August 23, 2021. Shortly before trial was scheduled to begin, however, the trial court entered a stipulated order dismissing the case without prejudice so the parties could proceed to arbitration.

Nearly a year later, the Walkers moved to set aside the order dismissing the case to allow for arbitration, which the trial court granted. In April 2023, the trial court entered a final pretrial order indicating it would hear all motions in limine at the final pretrial conference and set trial for June 20, 2023.

The day after the final pretrial conference, on June 15, 2023, the Walkers moved to dismiss the case in an emergency motion, arguing the Trust was no longer a real party in interest because it transferred the Property to Richie A. Nettles ("Nettles") six months prior.[2] The Walkers grounded their argument on public tax records, which purportedly indicated Nettles—not the Trust—owned the Property, and that a Property Transfer Affidavit ("PTA") had been filed in relation to the transfer. The Trust promptly responded, arguing the motion was untimely and claiming the Trust never transferred the Property and instead filed the PTA merely to notify the local assessor that Nettles was the new beneficiary of the Trust, as required by law.

On the scheduled trial date, the Walkers also belatedly moved in limine to exclude evidence regarding monetary damages. When the parties appeared for trial, the trial court heard arguments regarding the Walkers' motions. While granting the Walkers' motion to dismiss, the trial court relied upon the PTA purportedly evidencing the transfer of the Property. The trial court also granted the Walkers' motion in limine based on the language of the stipulated order exempting the case from case evaluation which stated that the Trust's claims did not concern "primarily" money damages. The Trust moved for reconsideration as to each motion, which the trial court denied. This appeal followed.

## II. MOTION TO DISMISS

On appeal, the Trust challenges the trial court's decision to entertain the Walkers' motion to dismiss, which the Trust alleges was untimely. The Trust also challenges the trial court's decision to grant the motion on the merits.

## A. TIMELINESS

The Trust contends the trial court was precluded from entertaining the Walkers' motion to dismiss because the motion was untimely under the terms of the trial court's May 2021 pretrial order. We disagree.

"This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kemerko Clawson LLC v RXIV*

---

[2] Nettles is the sole trustee of the Trust after the prior trustee died apparently during the pendency of this litigation.

*Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

Under MCR 2.401(B)(2)(a)(ii), "the court shall establish times for events and adopt other provisions the court deems appropriate," including "the amendment of pleadings, adding of parties, or filing of motions." "Under this rule, the trial court has the discretion to decline to entertain motions beyond the stated deadline." *Kemerko Clawson LLC*, 269 Mich App at 349. In this case, while there is no dispute the Walkers' filed their motion to dismiss after the deadline set forth in the May 2021 pretrial order, the Trust's reliance on the deadlines in that order would require us to read that order in isolation, without the context of the procedural and factual history of this case. Once the case was dismissed by stipulation of the parties, absent an order to the contrary from the trial court upon reinstatement of the case, the May 2021 pretrial order implicitly no longer controlled. Buttressing this conclusion is that the case was reinstated almost a year after the original trial date upon which the May 2021 pretrial order was based, and the new trial date was almost two years after the trial date contemplated by the deadlines in the order. For these reasons, we find unpersuasive the Trust's reliance on the deadline for dispositive motions set forth in the May 2021 pretrial order.[3]

The Trust also argues the trial court violated MCR 2.116(G)(1)(a) by accepting and hearing the Walkers' motion to dismiss. Although we agree that the hearing on the motion took place before the applicable time periods set forth in MCR 2.116 had elapsed, under the specific facts of this case, the Trust is not entitled to relief on this basis.

As an initial matter, we note that, in accordance with MCR 2.116(D)(4), claims under MCR 2.116(C)(10) "may be raised at any time, unless a period in which to file dispositive motions is established under a scheduling order entered pursuant to MCR 2.401." "[T]he specific provision of MCR 2.401(B)(2)(a)(ii) controls over the more general rule that motions under MCR 2.116 may be filed at any time." *Kemerko Clawson LLC*, 269 Mich App at 351. Having concluded the May 2021 pretrial order did not control under the facts of this case, the Walkers were therefore entitled to move to dismiss under MCR 2.116(C)(10) at any time.

We next turn to whether the trial court abused its discretion by hearing the Walkers' motion to dismiss only a few days after the Walkers filed the motion. Under MCR 2.116(B)(2), "the hearing on a motion brought by a party asserting a claim [under MCR 2.116] shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim." MCR 2.116(G)(1) provides, in relevant part, as follows:

(a) Unless a different period is set by the court,

---

[3] Even if the May 2021 pretrial order did control, the trial court had discretion to entertain motions filed after the deadline it imposed. MCR 2.401(B)(2)(a)(ii); *Kemerko Clawson LLC*, 269 Mich App at 349.

(i) a written motion under this rule with supporting brief and any affidavits must be filed and served at least 21 days before the time set for the hearing, and

(ii) any response to the motion (including brief and any affidavits) must be filed and served at least 7 days before the hearing.

* * *

(b) If the court sets a different time for filing and serving a motion, or a reply brief, its authorization must be endorsed in writing on the face of the notice of hearing or made by separate order.

Here, the Walkers moved to dismiss on June 15, 2023. The following day, the Trust responded, and the Walkers filed two supplemental briefs in support of their motion. When the parties appeared for trial as scheduled on June 20, 2023, the trial court heard arguments on the Walkers' motion to dismiss. The time between when the Walkers' moved for dismissal and when the trial court heard the motion indisputably fell far short of the applicable time periods set forth in MCR 2.116.

Assuming that the trial court's failure to strictly follow MCR 2.116 constitutes an abuse of discretion,[4] however, the Trust is not entitled to relief on this basis. "[A]bsent a showing of prejudice resulting from noncompliance with the rules, any error is harmless." *Baker v DEC Int'l*, 218 Mich App 248, 262; 553 NW2d 667 (1996), rev'd in part on other grounds 458 Mich 247 (1998). See also MCR 2.613(A) (A defect or failure to follow the court rules "is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."). Here, the Trust asserted its only claim of prejudice, below or on appeal, when it moved for reconsideration relative to the motion to dismiss.[5] The Trust has not otherwise

---

[4] Under most circumstances, a trial court should not depart so drastically from the time periods set forth in MCR 2.116, especially where, as here, the motion is not truly filed on an emergency basis. Indeed, the Walkers could have discovered the alleged transfer, at the latest, months before they moved to dismiss, and there are no allegations that the status quo between the parties could not be sustained as it related to the Property. Generally speaking, parties to an action would not be prejudiced by allotting nonmoving parties the full time to respond and prepare for the accompanying hearing.

[5] In its applicable motion for reconsideration, the Trust claimed, without any further support, that the trial court's violation of MCR 2.116(G)(1)(a) "unfairly deprived [the Trust] of the opportunity to prepare and file its response" to the motion to dismiss. By raising its argument of prejudice for the first time in its motion for reconsideration, the Trust failed to preserve this claim for appellate review. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 300-301; 14 NW3d 472 (2023). Considering the Trust gave only cursory treatment to this claim in its motion for reconsideration and has not otherwise raised any prejudice-related arguments on appeal, we

-4-

claimed to have suffered any prejudice as a result of the shortened response period, nor has it provided any evidence of prejudice. Considering the Trust responded to the motion to dismiss, did not ask for additional time, and has not raised any substantive claims of prejudice, any error by the trial court was harmless.

## B. MERITS OF THE MOTION TO DISMISS

The Trust further argues the trial court erred when it granted the motion to dismiss because the evidence presented failed to establish that the Trust transferred the Property to Nettles. On this issue, we agree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). While the Walkers failed to identify under which court rule they moved to dismiss, they based their motion on the assertion the Trust was not a real party in interest at the time of trial. Michigan courts review motions for summary disposition based on a real-party-in-interest defense under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) or (C)(10) (no genuine issue of material fact). *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 410-411; 875 NW2d 242 (2015). Because the trial court considered evidence beyond the pleadings in deciding the Walkers' motion to dismiss, this Court reviews the motion under MCR 2.116(C)(10). *Id*. at 411.

"A motion for summary disposition submitted pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a claim." *Wilmore-Moody v Zakir*, 511 Mich 76, 82; 999 NW2d 1 (2023). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 481; 997 NW2d 307 (2022) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 507; 991 NW2d 230 (2022) (quotation marks and citation omitted). Additionally, "the issue of whether a plaintiff is the real party in interest is a question of law that we review de novo." *Cannon Twp*, 311 Mich App at 411.

"An action must be prosecuted in the name of the real party in interest[.]" *Id*., quoting MCR 2.201(B) (quotation marks omitted; alteration in original). "A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Cannon Twp*, 311 Mich App at 412 (citation omitted). This doctrine "recognizes

---

decline to exercise our discretion to review the claims of prejudice the Trust raised in its motion for reconsideration. See *Stanley v Detroit*, 347 Mich App 117, 130; 14 NW3d 197 (2023) (explaining that this Court "may overlook preservation requirements in civil cases if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented") (quotation marks and citation omitted).

that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy . . . [and] protects a defendant from multiple lawsuits for the same cause of action." *Id.* (citation omitted).

It is undisputed the Trust was the real party in interest when it filed the complaint. When the Walkers moved to dismiss, they asserted the Trust was no longer a real party in interest because of an alleged transfer of the Property, and offered three pieces of evidence in support: tax records for the Property, a PTA purportedly evidencing the transfer, and internal notes from the local assessor's office regarding the PTA.[6] The Walkers' argument—and the trial court's decision to grant the motion to dismiss—rested predominantly, if not exclusively, on the PTA. For its part, the Trust denied transferring the Property to Nettles, claiming instead it filed the PTA because there was a change in beneficiary, and the reference to a deed in the PTA was merely a typographical error. The Trust did not provide any evidence supporting its typographical-error claim below.[7] However, the Trust offered, in relevant part, a 2007 warranty deed evidencing the conveyance of the Property to the Trust.

Reviewing the record in a light most favorable to the Trust, *El-Khalil*, 504 Mich at 160, a genuine issue of material fact exists regarding the Trust's continued ownership of the Property. The tax records listed Nettles as the property owner and indicated the "Sale History" of the Property included a December 2022 transfer from the Trust to Nettles via a "PTA." The notes from the local assessor's office, however, stated the sale was removed from the assessor's database. Moreover, we take judicial notice of the fact that the City's current tax records indicate

---

[6] The Walkers offered these notes below in support of the motion to dismiss. At oral argument on appeal, however, their counsel argued the notes should not be considered when analyzing the merits of the motion because they constituted inadmissible hearsay. Although the Walkers' appellate counsel generally acknowledged the notes could qualify as business records, see MRE 803(6), she claimed they were nonetheless inadmissible because they contained a second level of hearsay—i.e., a summary of statements made by the individual who filed the PTA on Nettles's behalf. On the basis of the foregoing argument, we will assume, without deciding, that only the portions of the notes merely describing actions taken by the assessor's office, without reference to statements made by the third party, are substantively admissible under the business-record exception to the general rule against hearsay, MRE 803(6), and therefore properly subject to consideration when determining the merits of the motion to dismiss, see *Airgas Specialty Prod v Mich Occupational Safety & Health Admin*, 338 Mich App 482, 513; 980 NW2d 530 (2021) ("In ruling on a motion for summary disposition under MCR 2.116(C)(10), the trial court may only consider substantively admissible evidence.").

[7] While the Trust provided, in relevant part, an affidavit contesting the purpose of the PTA, it did so for the first time on appeal. Indeed, the affidavit is dated January 15, 2025, after the present appellate proceedings began. "When reviewing a decision on a motion for summary disposition, this Court will not consider evidence that had not been submitted to the lower court at the time the motion was decided." *In re Estate of Rudell*, 286 Mich App 391, 405; 780 NW2d 884 (2009). Accordingly, we will not consider the affidavit or any other documents submitted for the first time on appeal.

the Trust owns the Property, and the "Sale History" no longer references the alleged conveyance.[8] For its part, the PTA indicated the Property was transferred by deed in December 2022 yet lists the seller as Nettles, without any indication regarding whether Nettles acted in his individual capacity or in his capacity as the Trustee of the Trust. Nettles's signature to the PTA likewise did not indicate in what capacity he executed it. This omission is significant, for the PTA was central to the disputed conveyance and the trial court's resolution of the motion to dismiss. Indeed, because the 2007 warranty deed demonstrated the Trust owned the Property, Nettles could only transfer the Property *in his capacity as the Trustee*.[9] On this evidence, reasonable minds could differ regarding whether the Trust conveyed the Property to Nettles, and a genuine issue of material fact thus exists regarding its ownership. *Gueye*, 343 Mich App at 481. Only after that factual question was resolved could the trial court even consider whether the alleged transfer divested the Trust of its status as a real party in interest.

What is more, the record contains insufficient evidence to conclude, as a matter of law, that the Trust did not remain a real party in interest to any claim after the alleged transfer. Recall "[a] real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Cannon Twp*, 311 Mich App at 412 (citation omitted). Even assuming the complaint's claims were tied solely to the ownership of the Property,[10] it does not follow that the Trust necessarily divested itself of the right of action on every claim in the complaint merely by virtue of the alleged conveyance. The PTA is not the conveyance document, and there is no copy of the deed in the record, or, for that matter, any other evidence regarding the scope of the interests purportedly conveyed to Nettles. It is improper to assume, without any evidentiary support, that the alleged deed did not include language relevant to the real-party-in-interest determination, such as a reservation of rights in favor of the Trust applicable to its claims. For these reasons, we part ways with the dissent's real-party-in-interest determination, regardless of whether a genuine issue of material fact exists as to the ownership of the Property.

We also disagree with the limitations the dissent imposed on its consideration of this issue. True, this Court can decline to consider grounds for relief appellants fail to raise or properly brief. However, to the extent we have addressed any arguments not raised by the Trust, we are permitted to do so when "the matter requires consideration and it is just to resolve the matter on that basis." *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 632-333; 769 NW2d 911 (2009); see also *Equity Funding, Inc v Milford*, 342 Mich App 342, 354; 994 NW2d 859 (2022) ("The court is *obligated* only to review issues that are properly raised and preserved; the court is *empowered*, however, to go beyond the issues raised and address any issue that, in the court's opinion, justice

---

[8] This Court can take judicial notice of public records. See *Johnson v Dep't of Natural Resources*, 310 Mich App 635, 648-649; 873 NW2d 842 (2015), citing MRE 201.

[9] For this reason, the PTA itself raises a fact issue regarding the validity of the alleged transfer the Walkers claim it reflects, rendering the dissent's reliance upon it unpersuasive.

[10] In light of our resolution of this issue, we need not decide whether this is the case. We note, however, that some of the Trust's claims related to a breach of a settlement agreement between the Trust and the Walkers, as well as damage to "property and possessions" that may have accrued before the alleged transfer, each of which could arguably be specific to the Trust.

requires be considered and resolved."), quoting *Paschke v Retool Indus (On Rehearing)*, 198 Mich App 702, 705-706; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502 (1994) (quotation marks omitted). And that is the case here—the factual and procedural background; the availability of the information underlying the "emergency" motion to dismiss months before the Walkers filed it (on the eve of trial); the genuine issue of material fact apparent from the record; and the fact the Trust challenged the motion below and on appeal (albeit on different grounds than those upon which we now rely) together confirm our path.

In sum, a genuine issue of material fact exists regarding the ownership of the Property, and, regardless, the record contained insufficient evidence to conclude, as a matter of law, that the Trust would not have remained a real party in interest to any claim in the complaint had a transfer occurred. The trial court therefore erred by granting the Walkers' motion to dismiss.

## III. MOTION IN LIMINE

The Trust further argues on appeal that the trial court erred by (1) entertaining the Walkers' untimely motion in limine to exclude evidence regarding monetary damages, and (2) granting the motion. We will again address each argument in turn.

## A. TIMELINESS

The Trust argues the trial court erred by entertaining the Walkers' tardily filed motion in limine. Again, we "review[] for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kemerko Clawson LLC*, 269 Mich App at 349.

Here, the trial court's April 2023 final pretrial order indicated that it would hear all motions in limine at the final pretrial conference. The trial court did not, however, set a specific deadline for filing motions in limine. We therefore turn to MCR 2.119(C), which provides:

> (1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served as follows:
>
> > (a) at least 9 days before the time set for the hearing, if served by first-class mail, or
> >
> > (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).
>
> (2) Unless a different period is set by these rules or by the court for good cause, any response to a motion (including a brief or affidavits) required or permitted by these rules must be served as follows:
>
> > (a) at least 5 days before the hearing, if served by first-class mail, or

> (b) at least 3 days before the hearing, if served by delivery
> under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).
>
> (3) If the court sets a different time for serving a motion or response its authorization must be endorsed in writing on the face of the notice of hearing or made by separate order.
>
> (4) Unless the court sets a different time, a motion must be filed at least 7 days before the hearing, and any response to a motion required or permitted by these rules must be filed at least 3 days before the hearing.

Considering MCR 2.119(C) in light of the court-imposed hearing date for motions in limine, the Walkers were required to serve the Trust with their motion at least seven days before the final pretrial conference. There is no dispute that the Walkers failed to do so. Although the trial court had the discretion to shorten the filing deadline, MCR 2.119(C)(4), there is no indication the trial court did so. Accordingly, the motion was untimely.

Assuming that the trial court's decision to entertain the Walkers' motion in limine constituted an abuse of discretion, the Trust is not entitled to relief on this basis because it again fails to demonstrate it was prejudiced by the trial court's decision. *Baker*, 218 Mich App at 262; MCR 2.613(A). Despite the Walkers' formally filing the motion in limine the morning of the scheduled trial date, the Trust filed a written response to the motion, and its counsel participated in oral arguments. Although the Trust took issue with the timing of the Walkers' motion in each instance, it did not ask for additional time to respond. As with the motion to dismiss, the Trust asserted its only claim of prejudice, below or on appeal, when it moved for reconsideration relative to the motion in limine.[11] On appeal, the Trust fails to allege prejudice and provides no evidence it was prejudiced by the trial court's decision to hear the motion in limine. In light of the foregoing, any error on the part of the trial court was harmless. *Baker*, 218 Mich App at 262.

## B. MERITS OF THE MOTION IN LIMINE

Finally, the Trust argues the trial court erred when it granted the Walkers' motion in limine to exclude evidence of monetary damages. We agree.

This Court reviews "a trial court's decision on a motion in limine for an abuse of discretion." *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013). "A trial court's decision whether to admit evidence is reviewed for an abuse

---

[11] As with the motion to dismiss, the Trust filed a motion for reconsideration relative to the Walkers' motion in limine, in which the Trust claimed, without further explanation, that it was "not afforded adequate opportunity to prepare and file its response" to the motion. We again note that, by raising its prejudice argument for the first time in a motion for reconsideration, the Trust failed to preserve this claim for appellate review. *Tolas Oil & Gas Exploration Co*, 347 Mich App at 300-301. For the same reasons outlined with respect to the motion to dismiss, we likewise decline to exercise our discretion to the cursory claims of prejudice the Trust raised in its motion for reconsideration. *Stanley*, 347 Mich App at 130.

of discretion, but preliminary legal determinations of admissibility are reviewed de novo." *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373; 983 NW2d 427 (2021). "The admission or exclusion of evidence because of an erroneous interpretation of law is necessarily an abuse of discretion." *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016). "This Court otherwise reviews de novo the trial court's determinations of law; but any factual findings made by the trial court in support of its decision are reviewed for clear error, and ultimate discretionary decisions are reviewed for an abuse of that discretion." *Shivers*, 339 Mich App at 374. "Interpreting the meaning of a court order involves questions of law that we review de novo on appeal." *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 177; 988 NW2d 841 (2022) (quotation marks and citation omitted).

Here, the Walkers' motion in limine was based on the language of a stipulated order removing the case from case evaluation under MCR 2.403, which the Walkers claimed established that the action involved only equitable, not monetary, relief. The trial court adopted this interpretation and granted the motion exclusively on that basis. Generally, courts interpret court orders in the same manner as a contract. See *AFT v State*, 334 Mich App 215, 236; 964 NW2d 113 (2020) ("Courts should interpret the terms in a judgment in the same manner as courts interpret contracts."). "Our goal in contract interpretation is to give effect to the intent of the parties, to be determined first and foremost by the plain and unambiguous language of the contract itself." *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019) (quotation marks and citation omitted). "A contract is ambiguous if it is capable of irreconcilably conflicting interpretations." *Patel v FisherBroyles*, LLP, 344 Mich App 264, 271; 1 NW3d 308 (2022). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law." *Kendzierski*, 503 Mich at 311 (quotation marks and citation omitted).

The stipulated order at issue stated, in relevant part:

> Upon stipulation of counsel for [the Trust] and [the Walkers] below, the relief sought in this matter is not primarily money damages or division of property as required by MCR 2.403(A) and the Court being fully advised in the premises;
>
> IT IS HEREBY ORDERED that this Court finds that case evaluation of the claims presented in this matter would be inappropriate.
>
> IT IS HEREBY FURTHER ORDERED based on the above referenced finding of the Court, this case shall be exempt from Case Evaluation pursuant to MCR 2.403.

For its part, MCR 2.403 provides, in relevant part:

> (1) A court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property unless the parties stipulate to an ADR process as outlined in subsections (A)(2)-(3) of this rule.

\* \* \*

-10-

(4) A court may exempt claims seeking equitable relief from case evaluation for good cause shown on motion or by stipulation of the parties if the court finds that case evaluation of such claims would be inappropriate.

Consistent with MCR 2.403(A)(1), the first paragraph of the stipulated order indicated the Trust's requested relief was "not *primarily* money damages or division of property . . . ." (Emphasis added.) The term "primarily" means "for the most part" or "chiefly." *Merriam-Webster's Collegiate Dictionary* (11th ed). The stipulated order thus contemplated that the relief sought by the Trust could include some monetary damages, though that would not be the main relief sought. The trial court's interpretation of the stipulated order was clearly erroneous because it ignored the word "primarily," which improperly rendered this term nugatory. See *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 393; 964 NW2d 846 (2020) ("The words of a contract are interpreted according to their plain and ordinary meaning, and this Court gives effect to every word, phrase, and clause while avoiding interpretations that would render any part of the document surplusage or nugatory.") (quotation marks and citation omitted). Considering the trial court's erroneous interpretation of the stipulated order was its sole basis for granting the Walkers' motion in limine, the trial court abused its discretion by granting the motion. *Elher*, 499 Mich at 21.

The Walkers see it differently, contending the stipulated order—read as a whole—demonstrated the Trust's claims were for equitable, not monetary, relief. As previously mentioned, the second paragraph of the stipulated order stated case evaluation would be inappropriate for "the claims presented in this matter . . . ." Accordingly, in the third paragraph, the trial court "exempt[ed]" the "case" from case evaluation in accordance with MCR 2.403. The Walkers argue that the foregoing language mirrors MCR 2.403(A)(4), which allows a trial court to "exempt claims seeking equitable relief from case evaluation" under certain circumstances. While the order's language does resemble this subrule's to some extent, the two are not identical, and the order does not itself ever describe the Trust's claims or case as entirely or exclusively equitable in nature. To the contrary, as previously discussed, the inclusion of the word "primarily" in the order indicates the Trust sought at least some nonequitable relief. See *Bayberry Group*, 334 Mich App at 393; see also *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 148; 871 NW2d 530 (2015) ("[C]ontractual terms must be construed in context and read in light of the contract as a whole[.]") (citations omitted). Reading it as a whole and giving due effect to all of its terms, we interpret the stipulated order as declining to submit any part of the action to case evaluation on the basis that the primary relief sought is not monetary, but we do not interpret it as going so far as to establish that the *only* relief sought is equitable such that, going forward, the Trust would be wholly foreclosed from pursuing any monetary relief.[12]

---

[12] Buttressing our interpretation is language in another stipulated order—entered more than a year after the order in question and shortly before the originally-scheduled trial date—that dismissed the case without prejudice in order for the parties to proceed with arbitration: "[T]he selected arbitrator shall have the full and unrestricted power and authority to award any and all remedies that a Circuit Court Judge could award in this matter, including, without limitation, *monetary damages*, equitable remedies, costs and attorney fees." (Emphasis added.)

## IV. CONCLUSION

For the reasons stated above, we vacate the trial court's order granting the Walkers' motion to dismiss and motion in limine and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock